IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA SPAHR, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 15-1822 |
| 3M COMPANY, | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JUNE 8, 2015**

Presently before this Court is Plaintiff, Maria Spahr's ("Plaintiff"), Motion to Remand, and Defendant, 3M Company's ("Defendant"), Response in Opposition. For the reasons set forth below, the Motion is granted.

**I.     BACKGROUND**

On March 6, 2015, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas of Delaware County for breach of contract. See Compl. ¶¶ 5-18. On April 6, 2015, Defendant removed this case to federal court claiming that jurisdiction is proper in this Court under 28 U.S.C. § 1332 because of complete diversity between the parties and that the amount in controversy is in excess of $75,000.[1]  (Def.'s Not. Removal ¶ 6.)

Plaintiff filed the instant Motion to Remand to state court on April 28, 2015. (Doc. No. 4.)  Defendant filed a Response in Opposition on May 12, 2015. (Doc. No. 8.)

---

[1]There is no dispute that there is diversity of citizenship between the parties. Plaintiff is a resident of Pennsylvania, and Defendant's principal place of business is in Minnesota. (Def.'s Not. Removal ¶¶ 3-4.)

## II. STANDARD OF LAW

Under 28 U.S.C. § 1441,[2] a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. A district court retains original jurisdiction over a civil action where the litigation involves citizens of different States, and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 3332.[3]

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. Judge v. Phila. Premium Outlets, No. 10-1553, 2010 WL 2376122, at *2 (E.D. Pa. June 7, 2010). Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).

"The party asserting jurisdiction bears the burden of showing that at all stages of the

---

[2]28 U.S.C. § 1441(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

[3]28 U.S.C. § 1332(a) provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States. . .

28 U.S.C. § 1332(a).

litigation the case is properly before the federal court." Samuel-Bassett v. KIA Motors Am. Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). When faced with a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. 99–929, 1999 WL 744016, at *1 (E.D. Pa. Sept. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). Accordingly, "the removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

### III. DISCUSSION

#### A. Amount in Controversy

Plaintiff asserts she was employed by Defendant from July 2006 through February 6, 2014, and acted under "verbal and written contracts negotiated between the parties over the years." (Pl.'s Mot. Remand at 2.) Plaintiff further states that under various written and verbal contracts, she was "paid mostly according to 'performance,'" and that "[p]erformance was measured according to a written agreement created by Defendant." (Id.) Plaintiff asserts that "[i]t is virtually impossible to demonstrate how [her] performance was measured or how [she] was actually compensated." (Id.) Plaintiff was terminated on or about February 6, 2014, for "failure to meet forecast." (Id.) Plaintiff states that, at the time of termination, she was in possession of a company car and had informed Defendant that the car was available for pick-up any time after February 6, 2014. (Id.) Plaintiff maintains that Defendant, however, failed to pick

up the car after this date and, instead, assessed Plaintiff's possession of the car as taxable income. (Id.) Plaintiff, thus, incurred income tax due to Defendant's failure to retrieve the car. (Id.) Plaintiff also claims that "at the time of the breach and termination, [she] was due approximately $6,000 in funds held by Defendant but not returned." (Id.) Plaintiff argues that "[a]ll tolled, these claims do not amount to $75,000 in claims," and that Defendant has not met its burden to establish that the amount in controversy exceeds $75,000. (Id. at 2, 4.)

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014). Defendant asserts that it has met its initial burden to set forth "plausible allegations" that the amount in controversy exceeds $75,000 in that the Complaint: (1) "appears to seek back pay and other 'compensatory, consequential, and incidental' damages due to Plaintiff's alleged wrongful termination"; (2) "Plaintiff earned $66,000 in her last year of employment"; (3) Plaintiff was terminated on February 6, 2014, which was fourteen months before it removed the action, thus, Plaintiff's back pay amounted to $77,000 at the time she filed her Complaint; and (4) in addition to this back pay, the Complaint seeks the return of $6,000 allegedly due to Plaintiff for a tax she paid for the use of a company car, and attorneys' fees. (Def.'s Resp. at 2-3.)

We agree that Defendant has met its initial burden of setting forth "plausible allegations" that the amount in controversy exceeds $75,000. However, this does not end this Court's inquiry. Generally, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., 135 S. Ct. at 553. If the non-removing party

contests the allegation, "§ 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the [removing party] 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold ." Id. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)).  Thereafter, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554; see also Wilson v. Travelers Ins. Co., No. 14-920, 2015 WL 1422569, at *13-14 (E.D. Pa. Mar. 30, 2015).

Defendant first asserts that Plaintiff does not dispute any of the facts and damages which it argues "reasonably flow from the termination of her employment and alleged breach of contract" that exceed $75,000. (Def.'s Resp. at 2.)  We, however, disagree that Plaintiff has not "contested" or does not dispute Defendant's position on the amount in controversy.  The fact that Plaintiff has filed a Motion to Remand based on her contention that the amount in controversy does not exceed $75,000 is, in itself, indicative of the fact that Plaintiff contests Defendant's position on the damage amount in dispute.  Moreover, in her Motion, Plaintiff has set forth several arguments in support of her position.  Therefore, we will consider the evidence and arguments submitted by the parties and determine, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.  See Dart Cherokee Basin Operating Co., 135 S. Ct. at 553.

In support of its position, Defendant has submitted the Affidavit of Shalanda Ballard ("Ballard"), an in-house attorney for Defendant, and accompanying exhibits. (See Ballard Decl. & Exs. A, B.)  Defendant claims that Plaintiff earned $66,541.37 during her last year of employment.  (Id. at ¶¶ 4-7 & Exs. A, B.)  In addition, Defendant asserts that, at the time of

5

Plaintiff's termination in February 2014, she had the ability to earn even more in that her compensation information reflects that she earned a base salary of $58,414.85, and had an incentive pay target of $25,035.36, for a total projected compensation of $83,451.22. (Id., Ex. C.) Defendant concludes that "to the extent that Plaintiff's back pay damages somehow do not put her claims beyond the amount-in-controversy threshold by themselves (and they do), they surely must when aggregated with Plaintiff's other requests for relief," including attorneys' fees. (Def.'s Resp. at 3-4.)

We, however, disagree with Defendant and find by a preponderance of the evidence that the amount in controversy in this action does not exceed $75,000. The determination of the amount in controversy begins with a reading of the complaint filed in state court. Samuel-Bassett, 357 F.3d at 398; see also Angus v. Shiley Inc., 989 F.3d 142, 145 (3d Cir. 1993) (asserting that the amount of controversy is generally decided from the face of the complaint). Here, Plaintiff avers a general allegation in her Complaint that Defendant "wrongfully terminated her on or about February 6, 2014 based, inter alia, on her 'failure to meet forecast.'" Compl. ¶ 11. However, contrary to Defendant's argument that Plaintiff is seeking at least $66,000 in back pay from being wrongfully terminated, Plaintiff never avers in the Complaint that she is seeking any back pay. Rather, she only specifically demands damages for Defendant wrongfully charging her for the use of a company car after her termination for which she was charged income tax, and that she is owed approximately $6,000 that was held by Defendant at the time of termination, but was not returned to her.[4] Id. ¶¶ 16-17. Plaintiff also seeks "special damages in the form of

---

[4] We also note that nowhere in Plaintiff's Complaint does she demand damages for "incentive pay." See Compl.

6

attorney fees and costs as well as any other compensatory, consequential, and incidental damages."[5] Id. ¶ 18. However, even considering the demand for these additional damages, we find that the amount in controversy does not exceed $75,000.

IV. **CONCLUSION**

In light of the aforementioned findings and the fact that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand,'" we hold that the requirements for removal under § 1331 have not been satisfied in this case. See Boyer, 913 F.2d at 111. Consequently, Plaintiff's Motion to Remand back to state court is granted.

An appropriate Order follows.

---

[5] We note that if a court has to "guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point." Stevenson v. Wal-Mart Stores, Inc., No. 14-4073, 2015 WL 158811, at *3 (E.D. Pa. Jan. 13, 2015); see also Vizant Technologies, LLC v. Ocean State Jobbers, Inc., No. 14-6977, at *3 (E.D. Pa. Feb. 5, 2015).